**Fredrick GREER, Plaintiff–Appellant**

**v.**

**Burl CAIN, Warden, Louisiana State**
**Penitentiary; Cassandra Temple,**
**Lieutenant Colonel, Defendants–Ap-**
**pellees.**

**No. 13–31282.**

United States Court of Appeals,
Fifth Circuit.

July 1, 2014.

Fredrick Greer, Angola, LA, pro se.

Travis Jacob Denicola, Assistant Attor-
ney General, Office of the Attorney Gener-
al, Baton Rouge, LA, for Defendants–Ap-
pellees.

Before KING, DAVIS, and ELROD,
Circuit Judges.

PER CURIAM: *

Fredrick Greer, Louisiana prisoner
# 525214, moves this court for authoriza-

---

tion to proceed in forma pauperis (IFP) in an appeal of the district court's judgment granting the defendants' motion to dismiss his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief may be granted. Greer filed the complaint arguing that the defendants violated his due process rights by confiscating $1900 from his inmate account.

In denying leave to appeal IFP, a district court may "incorporate by reference its decision dismissing the prisoner's complaint on the merits with or without supplementation," which is the procedure used in this case. *See Baugh v. Taylor,* 117 F.3d 197, 202 n. 21 (5th Cir.1997). By moving to proceed IFP, Greer is challenging the district court's certification that his appeal is not taken in good faith. *See id.* at 202. Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983) (internal quotation marks and citation omitted). By failing to address the district court's reasons for dismissing his § 1983 complaint or providing any other reason why the district court's certification is erroneous, Greer has abandoned any challenge he might have raised regarding the district court's decision. *See Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993); *Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.1987).

Greer's appeal is without arguable merit and is thus frivolous. *See Howard,* 707 F.2d at 219–20. His IFP motion is therefore denied, and his appeal is dismissed as frivolous. *See Baugh,* 117 F.3d at 202 & n. 24; 5TH CIR. R. 42.2. The district court's dismissal of Greer's case for failure to state a claim upon which relief may be granted and the dismissal of this appeal as frivolous count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir. 1996). Greer is cautioned that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.